UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

LEN C. PACITTI,

        Plaintiff,

   - against -

DELTA AIR LINES, INC., et al,

        Defendants.

- - - - - - - - - - - - - - - - - - - -X

<u>ORDER</u>

CV 2004-3197 (NGG)(MDG)

By letter dated September 9, 2005,[1] George McKeegan, counsel for defendant Delta Airlines, Inc., seeks an unspecified extension of time to serve his client's medical expert disclosures and reports. Plaintiff's counsel objects, pointing to the fact that defendants' expert examined plaintiff in June 2005 and complaining of the defendants' failure to provide discovery.

<u>DISCUSSION</u>

This Court will analyze this dispute under the standards set forth <u>Wolak v. Spucci</u>, 217 F.3d 157 (2d Cir. 2000), a case in which the Second Circuit set forth four factors for evaluating a party's request made after the close of discovery to introduce an expert witness at trial. Even though expert discovery has not yet closed, the deadline for expert disclosures expires today,

---

[1] Mr. McKeegan originally faxed a letter addressed to the Honorable Nicholas G. Garaufis on September 9, 2005. On September 15, 2005, he then electronically filed a letter that was identical to the first letter, except that it was addressed to me (ct. doc. 16),

September 15, 2005. The factors described in Wolak are: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party; and (4) the possibility of a continuance. Id., 217 F.3d at 161 (citing Sofitel, Inc. v. Dragon Medical and Scientific Commc'n, Inc., 118 F.3d 955, 961 (2d Cir. 1997), cert. denied, 523 U.S. 1020 (1998)).

The first factor weighs against extension, since the reason cited by Delta -- that plaintiff failed to provide expert disclosures -- apparently is wrong. In addition, since plaintiff was examined by defendants' doctors in June, defendants should have been able to serve their expert reports in a timely fashion.

However, the other factors weigh in favor of an extension. The Court finds that expert testimony may be important to the defendants to counter plaintiff's expert. On the other hand, since the parties had proceeded with the expectation that each side would have a medical expert and plaintiff would, and did, produce his expert report first, this Court finds that any prejudice to plaintiff would be minimal, if at all. Finally, as discovery has not yet been completed and defendants have submitted pre-motion letters, the fourth factor weighs in favor of an extension.

In sum, after balancing the relevant factors, this Court finds that an extension is warranted. Nonetheless, since plaintiff's opposition is appears to be prompted primarily by the defendants' failure to comply with plaintiff's discovery,

defendants are warned that this Court did not stay discovery pending consideration of their pre-motion letters by Judge Garaufis. They are directed to provide responses to outstanding interrogatories and document requests by October 1, 2005 and to confer with plaintiff on dates for depositions of their clients.

CONCLUSION

The time for defendants to serve expert reports and disclosures is extended to October 5, 2005 and the discovery deadline is extended to October 31, 2005.

**SO ORDERED.**

Dated:  Brooklyn, New York
        September 15, 2005

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE